UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 8:26-cv-00784-JWH-JDE | Date | May 19, 2026 |
|---|---|---|---|
| Title | *Unitas Funding, LLC v. Carlyle Capital, Inc.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    ORDER TO SHOW CAUSE REGARDING FAILURE TO FILE FED. R. CIV. P. 7.1 DISCLOSURE STATEMENTS**

## I. BACKGROUND

Plaintiff Unitas Funding, LLC filed the instant action against Defendant Carlyle Capital Incorporated in March 2026.[1] Unitas asserts that the Court has diversity jurisdiction because "Unitas and Carlyle are citizens of different states and the matter in controversy exceeds $75,000."[2]

## II. LEGAL STANDARD

The Court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

---

[1]    *See generally* Compl. [ECF No. 1].

[2]    *Id.* at ¶ 1.

| Page 1 of 3 | CIVIL MINUTES— GENERAL | Initials of Deputy Clerk cla |
|---|---|---|

and is between . . . citizens of different states[.]"  28 U.S.C. § 1332.  A limited liability company "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

The Federal Rules of Civil Procedure require that, for an action based upon diversity jurisdiction, each party or intervenor "***must***" file a disclosure statement naming and identifying the citizenship of "every individual or entity whose citizenship is attributed to that party or intervenor" "(A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a)."  Fed. R. Civ. P. 7.1(a)(2) (emphasis added).  The party or intervenor "***must***" file its Rule 7.1 disclosure "with its first appearance, pleading, petition, motion, response, or other request addressed to the court," and again "promptly," if any required information changes. Fed. R. Civ. P. 7.1(b) (emphasis added).

The party invoking the court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

## III.  ANALYSIS

In this case, Unitas has not met its burden of demonstrating that the Court has diversity jurisdiction.  This action is based upon diversity jurisdiction, and, therefore, Unitas is required to file a disclosure statement naming and identifying the citizenship of each of its owners or members.  *See* Fed. R. Civ. P. 7.1.

## IV.  DISPOSITION

For those reasons, the Court hereby **ORDERS** as follows:

1.      Each party that has appeared in this action is **DIRECTED** to file, no later than May 29, 2026, its Rule 7.1(a)(2) Disclosure Statement and a supplemental memorandum (including supporting evidence, to the extent

CIVIL MINUTES— GENERAL

Initials of Deputy Clerk <u>cla</u>

necessary) explaining whether this Court has subject matter jurisdiction over the instant action.

2.      An in-person hearing on this Order to Show Cause is **SET** for June 5, 2026, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

**CIVIL MINUTES— GENERAL**    Initials of Deputy Clerk cla